William R. Fix, W.S.B. #5-1908
**Fix Law Office**
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| REID RASNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-CV-__________ |
| | ) | |
| KEVIN BALDWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Reid Rasner, by and through counsel undersigned, and for his *Complaint* against the Defendant, Kevin Baldwin, states and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Reid Rasner is and was at all times relevant hereto a citizen of the State of Wyoming.

2. Defendant Kevin Baldwin (hereinafter sometimes referred to as "Defendant Baldwin" or "Baldwin") is and was at all times relevant hereto a citizen of the State of Missouri. Defendant Baldwin is an attorney licensed to practice law in the State of Missouri.

3. This Court has subject matter jurisdiction of this case due to the complete diversity of citizenship of the parties pursuant to 28 U.S.C. §1332 and the amount in controversy which is in excess of $75,000.00.

4. The Court has personal jurisdiction over Defendant Baldwin, because Defendant's acts and omissions occurred in and the false and defamatory statements complained of below were uttered, published and re-published in the State of Wyoming, targeted at Wyoming residents and voters, and meant to harm Plaintiff Rasner in his Wyoming personal and professional life.

**FACTS COMMON TO ALL CAUSES OF ACTION**

5. The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

6. Plaintiff Reid Rasner (hereinafter sometimes referred to as "Plaintiff" or "Mr. Rasner") is a businessman based in Casper, Wyoming.

7. Mr. Rasner is the founder and CEO of Omnivest Financial, a financial services firm based in Casper, Wyoming, in addition to other business interests.

8. Mr. Rasner was recently an unsuccessful candidate for the position of the United States Representative for the State of Wyoming.

9. Like many other prominent businessmen and politicians, Mr. Rasner has been the victim of individuals making hateful and untrue statements about him, aimed at defaming his character, stifling his political career, and harming his business interests.

10. Defendant Kevin Baldwin is one such individual. Defendant Baldwin is an attorney licensed to practice law in the State of Missouri, Missouri State Bar

#49101. He is a partner in the law firm of Baldwin & Vernon Trial Attorneys, LLC, located in Independence, Missouri.

11. On multiple occasions, Defendant made knowingly false and highly salacious allegations against Mr. Rasner that any reasonable person would have known were untrue. These false and defamatory statements were made for a single purpose: to harm Mr. Rasner in his personal, professional, and political life.

12. These statements have caused economic harm to Mr. Rasner. In the time since Defendant Baldwin made these statements, numerous clients have ceased doing business with Mr. Rasner's wealth management firm and his personal, professional, and political reputation has been harmed.

13. Mr. Rasner does not know Defendant Baldwin and has never met or spoken with him. However, Defendant Baldwin has made sustained and willful personal attacks against Mr. Rasner that Defendant Baldwin knows are untrue.

14. Mr. Rasner, accordingly, has filed the instant action to seek redress from Defendant Baldwin and to stop Defendant from continuing to make false and salacious allegations against Mr. Rasner to impugn Mr. Rasner's character and derail Mr. Rasner's business and political interests.

15. Defendant has made and continues to make knowingly false statements and comments on other posts on Facebook and other social media targeting Wyoming.

16. These statements were made to or intended to be read by Wyoming citizens, voters, and customers of Plaintiff's businesses in Wyoming.

18. Mr. Baldwin repeated those knowingly false allegations on multiple occasions.

19. Since June 27, 2026, Defendant Balwin has made at least 28 comments regarding Mr. Rasner on social media.

20. Defendant Baldwin posted on Facebook on July 3, 2026:

> "Is Reid W. Rasner a pedo protector? Can he be trusted with our children? When will he tell us what happened Memorial Day weekend, 2008 on Epstein Island?"




21. Plaintiff has never been to "Epstein Island." He did not know and never met Jeffrey Espstein.

22. On August 1, 2026, Defendant Baldwin posted on Facebook: "How many kids has Reid raped?" (Please see the post on the following page.)

8/12/26, 12:09 PM 1.png




https://documentviewer.herokuapp.com/?state=%7B"ids":%5B"1I7fuZPq6gMBThG8ATcCHnn9wDF5cXXUm"%5D,"action":"open","userId":"102889939... 1/1

23. On August 5, 2026, Defendant Baldwin posted the following highly inflammatory and false comment:

> "Is REID RAPING? That is the question everyone should be asking."




24. Also on August 5, 2026, Baldwin again posted: "Big question, is Reid raping?"




25. Defendant Baldwin continued his hateful false statements on numerous other occasions.

26. On August 6, 2026, Defendant Balwin again posted on Facebook: (Please see the post on the following page.)

“Is Reid raping? He seems like the type.”




27. The above comments are just a subset of these posts. Defendant made similar statements in print and orally on multiple other occasions.

28. These social media posts were made by Defendant with the malicious intent to harm Plaintiff's personal and professional reputation. Defendant knew or should have known that the statements were false at the time they were made and that they constituted defamation *per se*.

29. Defendant's social media posts on Facebook have been repeatedly propagated and disseminated by Defendant and others dozens of times over a period of several months in 2026.

30. Defendant's remarks contained demonstrably false and defamatory statements impugning Plaintiff in his professional and personal capacities. Specifically, those statements falsely allege that Plaintiff engaged in serious sexual misconduct.

31. Defendant Baldwin published these deliberately false and defamatory statements to an unspecified number of recipients including Wyoming residents, potential Wyoming voters, and potential customers of Mr. Rasner.

32. These social media posts initiated by Defendant Baldwin were re-posted by various known and unknown individuals and groups throughout every county of the State of Wyoming, essentially being spread in an electronically viral means.

33. Defendant fabricated the social media messages entirely to discredit, defame and further harm Plaintiff Rasner knowing that any accusation of sexual misconduct is a serious allegation against anyone, especially a candidate for public office.

34. Many of the social media posts were authored in a way to prevent Plaintiff from discovering them immediately upon publication.

35. Such statements have, in fact, harmed Plaintiff's business interests and continue to do so.

36. Plaintiff has lost customers at his wealth management firm due in part to the publication and dissemination of false claims by Defendant on Facebook and other social media. Defendant was aware or should have been aware of Plaintiff's ongoing business relationships and that his actions have caused harm to both existing and future relationships.

37. Plaintiff has also lost out on potential business opportunities due to the statements and actions of Defendant.

## COUNT I: DEFAMATION *PER SE*

38. The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

39. Defendant Baldwin disseminated and uttered knowingly false information about Plaintiff which was published to third parties. Defendant knew the information was false and made the statements with malice and reckless disregard as to whether the communications were false.

40. Defendant continuously, repeatedly and maliciously made and circulated false statements concerning Plaintiff in his personal and professional capacities. These statements contain false allegations of serious sexual misconduct and accordingly, these false statements constitute defamation *per se*.

41. As a direct and proximate result of the defamation by the Defendant, Plaintiff has suffered irreparable damage to his personal and professional reputation, which has now been forever diminished and tarnished. Plaintiff has also suffered injury to his business interests including the loss of customers and business opportunities.

42. Plaintiff is entitled to recover actual compensatory and punitive damages as a proximate result of Defendant's defamatory statements.

## COUNT II: TORTIOUS INTERFERENCE WITH A CONTRACT AND WITH A PROSPECTIVE ECONOMIC ADVANTAGE

43. The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

44. By publicly disseminating demonstrably false information to an unknown number of individuals and groups about Plaintiff, Defendant has caused Plaintiff to lose existing and potential business contracts and has seriously jeopardized his ability to conduct his business endeavors.

45. Defendant knew of Plaintiff's business interests including his wealth management company and his attempts to acquire or otherwise engage in business with third-parties.

46. Defendant knew his statements were demonstrably false as shown by his decisions to spoliate evidence related to those posts.

47. Defendant's defamatory statements have proximately caused Plaintiff both economic and non-economic damages, including, but by no means limited to loss of past and future earnings, and loss of prospective economic advantage and opportunity.

## COUNT III: NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48. The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

49. The outrageous conduct of the Defendant was such that it proximately caused Plaintiff severe mental anguish and emotional distress.

50. Defendant's false statements concerned allegations against Plaintiff that he had engaged in serious sexual misconduct. Such statements would shock the conscience of a reasonable individual and not be tolerated by individuals in a civilized society.

51. Plaintiff has suffered severe mental anguish and emotional distress as a direct and proximate result of Defendant's actions and defamatory statements.

## DAMAGES

52. The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

53. Plaintiff has suffered damages as a proximate result of the wrongful conduct of the Defendant.

54. The damages which Plaintiff Reid Rasner suffered as a direct and proximate result of the acts and omissions of Defendant Kevin Baldwin, and for which this Defendant is liable to Plaintiff include, but are not limited to, the following:

A. Past and future mental anguish and emotional distress;

B. Loss of past and future economic advantage and opportunity;

C. Permanent damage to Plaintiff's reputation; and

D. Defamation *per se* damages pursuant to Wyoming substantive law.

55. These damages exceed the amount in controversy requirement of this Court.

## PUNITIVE DAMAGES

56. The allegations in the foregoing paragraphs are realleged here as if fully set forth here.

57. The acts and statements of the Defendant above-stated were so gross in nature that they constituted willful and/or wanton misconduct which were committed in reckless disregard for the welfare of the Plaintiff. These acts and false statements are so egregious that this Defendant is liable to Plaintiff Reid Rasner for the damages more specifically alleged above and for punitive and exemplary damages. The amount of said punitive damages shall be proven at trial.

WHEREFORE, Plaintiff Reid Rasner prays for judgment against Defendant, Kevin Baldwin, in an amount to be proved at trial, for compensation, for punitive damages, and for the costs of this action and for such other relief as this Court deems equitable and proper.

DATED this 24th day of August, 2026.

/s/ William R. Fix
William R. Fix, W.S.B. #5-1908
Fix Law Office
P.O. Box 1459
Kealakekua, HI 96750
(307) 413-2718 Telephone
(307) 333-0717 Facsimile
fixlawoffice@gmail.com
*Attorney for Plaintiff*